HARRIET A. HARE *v.* THE CONGREGATIONAL SOCIETY OF FERRISBURG.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed April 29, 1904.

*Wills—Consideration—Life Estate with Power to Sell—Interest of Remainderman.*

A bequest to two persons, and the survivor of them, of the use of certain estate, with the power of sale by them, or the survivor of

them, of as much of the estate as may be needed for their support, should the use prove insufficient, with remainder over to the defendant, gives the defendant a vested remainder in said estate, which is liable to be divested by the exercise of the power of sale, but which cannot be divested in any other manner.

When a testator bequeathed to his wife and daughters the use of his estate for life with remainder, subject to a power of sale in two of the life tenants, over to the defendant, the third life tenant, in respect of her having temporarily waived her right to share in the estate so that a sale of the property was thereby avoided, was a mere volunteer as to the defendant, and is not entitled to an equitable lien on the property as against defendant's remainder interest.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the June Term, 1903, Addison County, *Haselton*, Chancellor. Demurrer sustained and bill dismissed. The orator appealed. The opinion states the case.

*Brown & Taft* for the orator.

The Court of Chancery alone has jurisdiction of the subject matter of this bill. The Probate Court does not have general equity powers. *Mann* v. *Mann's Est.*, 53 Vt. 55; *Goff* v. *Robinson*, 60 Vt. 641; *Davis* v. *Eastman*, 66 Vt. 651; *Heirs of Adams* v. *Adams*, 22 Vt. 50; *Leonard* v. *Leonard's Exr.*, 67 Vt. 318.

The Court of Chancery has exclusive jurisdiction of equitable liens. Pomeroy Eq. Jur. (2 ed.) Vol. 1, §§ 137, 165.

*E. J. Ormsbee* and *Joel C. Baker* for the defendant.

The Court of Chancery has nothing to do with the settlement of decedent's estate in this state. *Angus* v. *Robinson*, 62 Vt. 60; *Blair* v. *Johnson*, 64 Vt. 598; *Re Hodge's Estate*, 63 Vt. 661; *School Dist.* v. *Sheldon*, 71 Vt. 95; *Bickford* v.

*Bickford,* 68 Vt. 525; *Boomhower* v. *Babbitt,* 67 Vt. 327; *Mitchell* v. *Blanchard,* 72 Vt. 85; *Ward* v. *Congregational Soc.,* 66 Vt. 490.

Only the donees of the power of sale could affect the defendant's interest. *Cheney's Exr.* v. *Stafford,* 76 Vt. 16.

MUNSON, J.   George P. Fraser bequeathed to his wife Harriet and his daughter Rebecca, and to the survivor of them, the use of all his estate; and authorized a sale by them, or the survivor of them, of as much of the estate as might be needed for their support, if the use proved insufficient. This bequest was subject to the further provision that if his daughter Harriet should become a widow, she should share equally with his wife and daughter Rebecca in the use of his estate during the time she remained a widow.   The defendant is the residuary legatee.

The daughter Harriet, the oratrix, became a widow about two years after the testator's death, and remained such until after the death of her mother and sister, which occurred some years later.   The estate consisted of a small farm, and the mother and daughter Rebecca carried this on; but the income was insufficient for their support, and the oratrix temporarily waived her right to a share of it.   The power of sale conferred upon the deceased devisees not having been exercised, the oratrix prays that a sale be now decreed, and that the proceeds be applied in liquidation of her interest thus waived and contributed.   The right to have this done is claimed upon the ground of an equitable lien.

The will gave defendant a vested remainder in this property, which was liable to be devested by an exercise of the power of sale conferred upon the holders of the life estate. It could be defeated in no other manner.   The donees of the power could not charge the defendant's interest by a lien of

any description. Nor can the court subject it to a lien upon any general ground of equity. An equitable lien arises only where there is some personal obligation or duty to be enforced. If the facts alleged are such that the law can imply an obligation of repayment on the part of the deceased devisees, this affords no basis upon which the interest of the defendant can be reached. The failure to exercise the power of sale, although beneficial to the defendant, was not due to any action on its part; and as to the defendant the oratrix must be considered a mere volunteer.

*Decree affirmed and cause remanded.*